IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA MARIE MOWERS, )
)
      Plaintiff, )
)
 -vs- ) Civil Action No. 16-194
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Lisa Marie Mowers ("Mowers") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the ALJ's decision denying a claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-1383f. Mowers alleges a disability beginning on February 15, 2010. (R. 19) She contends that she is disabled due to a number of both physical and mental impairments. Following a hearing which included a consultation with a vocational expert, the ALJ denied the claim, concluding that Mowers had the residual functional capacity ("RFC") to perform light work, subject to certain restrictions. (R. 30-31) She appealed, challenging the ALJ's credibility findings and asserting bias. Pending are Cross Motions for Summary Judgment. Docket no. 12 and Docket no. 16. After careful consideration, the case is affirmed.

### Legal Analysis

1. Standard of Review

1

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

   2. Credibility

As stated above, Mowers urges that the ALJ's finding with respect to credibility is not supported by substantial evidence of record. It is well-established that the ALJ is

2

charged with the responsibility of determining a claimant's credibility. *See Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974). Indeed, "[t]he authority to evaluate the credibility of [the claimant] concerning pain and other subjective complaints is reserved for the ALJ." *Gilmore v. Barnhart*, 356 F. Supp.2d 509, 513 (E.D. Pa. 2005) While the ALJ must give a claimant's subjective complaints "serious consideration," *Powell v. Barnhart*, 437 F. Supp.2d 340, 342 (E.D. Pa. 2006), "the ALJ may reject a claimant's complaints if he does not find them credible." *Id.* Further, "if supported by substantial evidence, the ALJ's credibility findings may not be disturbed upon appeal." Hirschfield v. Apfel, 159 F. Supp.2de 802, 811 (E.D. Pa. 2001). In determining the credibility to give to an individual's statements, the ALJ must consider "the entire case record." *SSR 96-7p.* The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.* Inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about his or her limitations or symptoms is less than fully credible. *See Burns v. Barnhart*, 312 F.3d 113, 129-30 (3d Cir. 2002). Generally, the ALJ is given great discretion in making credibility determinations, and I must defer to such findings unless they are not supported by substantial evidence. *Baerga*, 500 F.2d at 312.

      Having reviewed the record, I am satisfied that the ALJ properly discharged her duty to assess Mowers's credibility. Her decision contains specific reasons regarding

her findings and those reasons are supported by substantial evidence of record. For instance, the ALJ noted that Mowers's ability to complete high school with "average grades" and attend college courses on a part time basis conflicted with her claims of limitation. (R. 26) Similarly, the ALJ found that Mowers's longitudinal record, including her ability to spell and perform simple multiplication equations, and her ability to care for a young child, revealed that her bipolar disorder was not as limiting as alleged. (R. 26). The ALJ also found persuasive Mowers's numerous Global Assessment Functioning ("GAF") scores, which revealed that her condition "is relatively stable," and indicated that "she is significantly less limited than otherwise alleged." (R. 26) With respect to her complaints of physical limitations, the ALJ noted that imaging of her lumbar spine, the absence of sacroiliac joint tenderness, back pain, her normal gait, and post-operative notes regarding her surgeries, all belied Mowers's assertions. (R. 27) The ALJ also pointed to Mowers's post-operative treatment notes which indicated that "she has done well" and considered that the absence of continued pain medication and physical therapy further discounted her complaints of physical limitations. (R. 27) The ALJ similarly found Mowers's ability to care for and play with her child, to prepare meals and to complete household tasks such as cleaning and laundry, undercut the assertion of disabling limitations. (R. 28). Finally, the ALJ found persuasive the reports tendered by Dr. Paul Fox and Dr. Douglas Schiller, both state agency non-examining sources. Dr. Fox opined that Mowers could "lift and carry up to 20 pounds on occasion and 10 pounds frequently … [and] that she could stand and / or walk and sit for about 6 hours each in an eight-hour day." (R. 28) Dr. Schiller found that, although Mowers had some "moderate limitations in social functioning and concentration, persistence, and pace,"

she had the "social ability to manage social demands in a work setting" and that she had the "basic attention and concentration for work related activities." (R. 29)

Because the ALJ was sufficiently specific regarding her credibility findings, because those findings are supported by substantial evidence of record, and given the deference due the ALJ's credibility determinations, I find no error in this respect.

3. Bias

Mowers also raises a claim of bias. Specifically, she contends that the ALJ's focus upon the interaction between herself and her daughter's father, against whom she had secured a Protection from Abuse Order, raises concerns of bias. As I stated in *Victor v. Colvin*, Civ. No. 14-1605, 2015 WL 2232031 at * 6 (W.D. Pa. May 12, 2015):

> Clearly, a "Social Security claimant has the right to a fair hearing before an impartial ALJ." *Blasucci v. Colvin*, Civ. No. 13-5218, 2014 WL 5286526 at * 6 (D.N.J. Oct. 15, 2014), *citing, Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995). "However, the Court will presume that the ALJ was not biased unless a plaintiff shows that there was a conflict of interest or some other specific reason for disqualification." *Blasucci*, 2014 WL 5286526 at * 6, *citing, Schweiker v. McClure*, 456 U.S. 188, 102 S. Ct. 1665, 72 L.Ed.2d 1 (1982). [Mowers] bears the burden to overcome the presumption of impartiality. *Id., citing, Schweiker*, 456 U.S. at 196. "A party asserting bias must show that the behavior of the ALJ was 'so extreme as to display clear inability to render fair judgment.'" *Roberson v. Colvin*, Civ. No. 13-1183, 2014 WL 4258206 at * 4 (W.D. Pa. Aug. 26, 2014), *citing, Liteky v. United States*, 5410 U.S. 540, 551, 114 S. Ct. 1147, 127 L.Ed.2d 474 (1994).

*Victor v. Colvin*, Civ. No. 14-1605, 2015 WL 2232031 at * 6 (W.D. Pa. May 12, 2015). I have conducted a thorough review of the record and find that Mowers has not discharged her burden. The ALJ's statements do not suggest bias or an inability to render a fair judgment. I am convinced that the ALJ's questions regarding the nature of Mowers's relationship with her daughter's father were asked in the context of understanding who provides care to the daughter. This is relevant to the issue before

5

me - Mowers's physical and mental limitations. The ALJ's questions and statements were not "so extreme as to display clear inability to render fair judgment." *Roberson*, 2014 WL 4258206 at * 4. Consequently, I reject the claim that the ALJ acted in some improper or biased manner.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA MARIE MOWERS, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action No. 16-194 |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 13th day of February, 2017, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket no. 12) is denied and Defendant's Motion for Summary Judgment (Docket no. 16) is granted.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge